# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Dion Armstead, Petitioner,

vs

Mr. Winn, Warden of Saginaw Correctional Facility, Respondent /

Dion Armstead #248951
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI. 48623

Bill Schuette
Attorney General
P.O. Box 30212
Lansing, MI. 48909

Case: 2:17-cv-11990
Judge: Tarnow, Arthur J.
MJ: Morris, Patricia T.
Filed: 06-19-2017 At 03:31 PM
HC ARMSTEAD V. WINN (LH)

## PETITION FOR A WRIT OF HABEAS CORPUS

1. The Wayne County Circuit Court, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, Michigan 48226, convicted petitioner of:

Ct. I - Felony Murder          Ct. III - Armed Robbery
Ct. II - Second Degree Murder  Ct. IV - Felony Firearm

Criminal docket number 95-9719-01-FC

2. Date of judgment of conviction 2-14-96
   Date of sentence 4-9-96

3. Length of sentence: Ct. I - Life; Ct. II - 20 years to Life; Ct. III - 10 years to 20 years; Ct. IV - 2 years. Counts I, II and III are consecutive to count IV. Yet, counts II and III are concurrent to count I.

4. Petitioner was found guilty by a jury of all charges. However, he did not testify at trial.

5. Petitioner filed a direct appeal of his conviction with the Court of Appeals. On 3-13-98 the Court vacated his convictions and sentences for 2nd degree murder and armed robbery because they violated the Double Jeopardy Clause. Yet, the Court affirmed the felony murder and felony firearm convictions and sentences.

 Petitioner do not remember the grounds his lawyer raised.

6. Petitioner filed an application for leave to appeal to the Michigan Supreme Court. However, relief was denied. Petitioner do not remember the grounds his lawyer raised.

7. Petitioner did not seek relief from the U.S. Supreme Court.

8. Petitioner previously filed a motion for relief from judgment with the Wayne County Circuit Court, collaterally attacking his convictions and sentences. Petitioner raised the following grounds:

1.) Expert Witness Laning R. Davidson's Failure To Disclosure Clause Of Death To Jury.

2.) The Trial Court's Failure To Instruct The Jury On Expert Witness Testimony.

3.) The Line-Up Procedure Was Unduly Suggestive Entitling Defendant To A Wade Hearing.

4.) The Prosecutor's Statements Prejudiced Defendant.

5.) The Trial Court's Failure To Instruct On Lesser Included Offenses.

6.) Conviction Against The Great Weight Of The Evidence.

 On 10-9-12 the court denied relief. Petitioner did not appeal to the highest state court having jurisdiction over his action, because he was indigent

and unable to hire an attorney. And due to the fact he was not knowledgeable in the law. He did not know how to seek relief from the highest state court.

## GROUNDS FOR RELIEF

**Ground One:** The Unduly Suggestive Line-Up Procedure Resulted In Petitioner Being Misidentified Denied A Fair Trial And Convicted Of Crimes He Did Not Committ.

**Supporting Facts:** Petitioner submits the fact that the mugshot of him the police used in the photo line-up was illegal. And illegally used. Because it was the only way they could get him misidentified as the person who committed the crimes. Then convicted for the crimes. Knowing he did not commit the crimes.

Where the witnesses described the people who committed the crimes to the police as being between the ages of 17-19. But Petitioner was 24 years old. The police, eventhough they had Petitioner in custody for the crimes. Knew that at 24 years old, he would not be picked out of a live line-up by any of the witnesses. Because he did not fit the description. Therefore, the police purposely conducted a photo line-up using Petitioner's mugshot as a 17 year old juvenile, so that he could fit the description. And so that he could be misidentified.

Furthermore, the photo of Petitioner used in the line-up, was a mugshot of him from when he was a 17 year old juvenile. The police never informed Petitioner they were going to use his juvenile mugshot in a line-up. Petitioner never gave police his consent to use his juvenile mugshot in a line-up. Therefore, Petitioner never had a chance to object to the police use of his juvenile mugshot.

Furthermore, the police never informed the witnesses that the mugshot of Petitioner they identified was 7 years old. And that Petitioner was 17 years old in the mugshot. But 24 years old when the crimes were

committed. Therefore, the witnesses had no reason to doubt their identification of Petitioner.

Furthermore, the police never informed Petitioner's photo line-up attorney that the photo of Petitioner used in the line-up was 7 years old. That Petitioner was a 17 year old juvenile in the photo. That the photo was the only way Petitioner could fit the description of the people who committed the crimes. And that a live line-up was not possible because at 24 years old Petitioner didn't fit the description of the people who committed the crimes. Therefore, the attorney had no reason to object to the line-up; or Petitioner being identified in the line-up.

Furthermore, as a 17 year old juvenile Petitioner could not have consented to the mugshot obtained by the police. The mugshot was obtained when Petitioner was a 17 year old juvenile unlawfully convicted as an adult on 8-8-88 case no. 88-07844 for Possession of Cocain Under 25 Grams. Therefore, the photo identification obtained by police was obtained by the use of an illegally obtained mugshot.

Finally, when the witnesses identified the 17 year old Petitioner in the 7 year old mugshot, out of the photo line-up. Techically, they never identified Petitioner the 24 year old because they were never shown a photo of him. Therefore, their in-court identifications of Petitioner at the preliminary examine and jury trial had no independent basis. They only identified him in-court because they had already misidentified him in the photo line-up. And because he was the only person in court being tried for the crimes they were witnesses to.

Thus, the misidentification evidence against Petitioner was the only evidence that he committed the crimes. With-

out the misidentification evidence. The jury had no basis for convicting Petitioner for crimes he did not commit.

Petitioner did not raise this issue in his direct appeal. Because appellate counsel failed to identify and raise the issue.

Petitioner did raise his issue in a post-conviction motion for relief from judgment with the Wayne County Circuit Court, docket number 95-9719-01-FC. The court denied relief on 10-9-12. However, Petitioner was indigent and unable to hire an attorney. And due to the fact he was not knowledgeable in the law. He was unable to seek relief from the highest state court having jurisdiction over his action.

Ground Two: The Prosecutor's Statements denied Petitioner A Fair Trial.

Supporting Facts: Petitioner submit the fact that the Prosecutor's statement that he was a "predator and preyed on the victim and witnesses because they were gay", denied him a fair trial.

Where during trial the Prosecutor never presented anykind of evidence that Petitioner was a predator. And that his actions were motivated by the sexual orientation of his victim or witnesses. Therefore, the Prosecutor's statements to the jury was not factual nor supported by evidence.

Furthermore, the Prosecutor's statements to the jury unlawfully bolstered the evidence that Petitioner killed the victim, with the intent to kill, or to do great bodily harm, or with malice, simply because the victim and witnesses were gay. There was no other possible way the Prosecutor could have established the intent to kill.

Thus, the jury relied on the Prosecutor's unlawful statements to support finding Petitioner guilty of felony murder.

Petitioner did not raise this issue in his direct appeal. Because appellate counsel failed to identify the issue and raise it.

Petitioner did raise his issue in a post-conviction motion for relief from judgment with the Wayne County Circuit Court, docket number 95-009719-01-FC. The court denied relief on 10-9-12. However, Petitioner was indigent and unable to hire an attorney. And due to the fact he was not knowledgeable in the law. He was unable to seek relief from the highest state court having jurisdiction over his action.

Ground Three: The Weight Of The Armed Robbery Evidence Was Not Great Enough To Sustain A Felony Murder Conviction.

Supporting Facts: Petitioner submits the fact that at no time during trial did the Prosecutor present any evidence that he robbed the victim. And both prosecution witnesses Dion Ecckles and Duvall Nealy testified that the Petitioner did not take any property from the victim or from inside the car.

Therefore, the jury could not have determined Petitioner committed the underlying offense of armed robbery. In order to support the felony murder conviction.

Petitioner did not raise this issue in his direct appeal. Because appellate counsel failed to identify the issue and raise it.

Petitioner did raise his issue in a post-conviction motion for relief from judgment with the Wayne County Circuit Court, docket number 95-009719-01-FC. When the court denied relief on 10-9-12 the court did not rule on the issue. Instead the court treated it as a sufficiency of evidence claim and denied it as such. However, Petitioner was indigent and unable to hire an attorney. And due to the fact he was not knowledgeable in the law. He was ~~unable~~ unable to seek relief

from the highest state court having jurisdiction over his action.

Ground Four: The Weight Of The Evidence That Petitioner Killed The Victim Was Not Great Enough To Sustain A Felony Murder Conviction.

Supporting Facts: Petitioner submit the fact that on 6-27-95 he admitted himself into the Roosevelt Place Center Shelter For The Homeless Operation Helping Hand because he was homeless, had no job, no money, nor adequate clothing. (Petitioner's Affidavit, Exhibit A).

Petitioner alleges that he maintained his residency there until his departure on 7-9-95. And that while there he followed all of the rules and regulations because he didn't want to get kicked out. (Pet. Aff.).

Specifically, rules #3 and #7 provides:

3. Each day, as early in the day as is possible, each Resident will sign in on The Daily Register Sign In Sheets provided at both The Front Desk Area and The Program Aide Area. Failure to do so shall result in the loss of your room, as we will not know that you haven't just left the program permanently.

7. Curfew is 6:00 p.m. This means you MUST be in by then, and may not go back out until the next morning.

(Ex. A). Therefore, when the crimes where committed on 7-6-95 at approximately 3:00 a.m. Petitioner was lodged in at the homeless shelter. (Pet. Aff.)

Furthermore, when the police conducted their initial investigation. They interviewed an eyewitness to the crime who gave a flawless description and location of the person who committed the crime. The witness also claimed to have known that person on a personal level. However, the

police never investigated the information. (Police Investigation Report.) The person identified to police was not Petitioner. In fact, Petitioner was not accused of committing the crime until after he was arrested on 8-4-95. Then subsequently misidentified in the unduly suggestive photo line-up procedure. (Police Inves. Rept.)

Thus, Petitioner's stay at the homeless shelter during the commission of the crime. Coupled with the eyewitness giving a flawless description of the person who actually committed the crimes. And the misidentification of Petitioner at the photo line-up, in-court at the preliminary examine, and in-court at trial. Proves he didn't committ the crimes.

Accordingly, the weight of the Prosecutor's evidence was not great enough to sustain the felony murder conviction.

Petitioner did not raise this issue in his direct appeal. Because both the trial and appellate attorneys stated that I had no way to prove I was at the homeless shelter. Because at the time I presented my issue to them I did not have any documentation to prove my whereabouts. (Petitioner's Affidavit #2)

Petitioner did not raise his issue in his motion for relief from judgment to the Wayne County Circuit Court. Because he was not knowledgeable in the law. And didn't know how to present the issue without legal assistance because it was too complicated. (Pet. Aff. #2)

9. Petitioner has not previously filed any type of action in the Federal Courts challenging his conviction.

10. Petitioner has not previously filed any type of action in any Court challenging a future sentence because he does not have any future sentences

to serve after he completes his current sentence.

11. Petitioner does not have any type of action pending in either the State or Federal Courts challenging his conviction.

## RELIEF SOUGHT

12. THEREFORE Petitioner asks that the Court grants him a NEW TRIAL and a WADE HEARING; or in the alternative VACATE his convictions; or any other relief to which he may be entitled.

6-13-17
Date

Dion Armstead
Signature

I declare under penalty of perjury that the foregoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on:

Dion Armstead
Signature

Dion Armstead #248951
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI. 48623

RECEIVED JUN 19 2017 CLERK'OFFICE DETROIT

U.S. MARSHALS

UNITED STATES
EASTERN DISTRICT
COURT CLERK OFFICE
231 LAFAYETTE BLVD.
Rm. 564
DETROIT, MI. 48226

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 17-11990 | Judge: Arthur J. Tarnow | Magistrate Judge: Patricia T. Morris |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner: Dion Armstead | Name of 1st Listed Defendant/Respondent: Thomas Winn |
|---|---|
| Inmate Number: 248951 | Additional Information: |
| Plaintiff/Petitioner's Attorney and Address Information: | |
| Correctional Facility: Saginaw Correctional Facility  9625 Pierce Road  Freeland, MI 48623  SAGINAW COUNTY | |

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____