UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION ARMSTEAD,

        Petitioner,                        Case Number: 2:17-CV-11990
                                                      HON. ARTHUR J. TARNOW

v.

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Dion Armstead has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Armstead challenges his convictions for first-degree felony murder and possession of a firearm during the commission of a felony. Respondent, through the Attorney General's Office, has filed a Motion for Dismissal of Petition for Habeas Corpus on the ground that the petition was not timely filed. The Court finds that the petition was not timely filed and that Armstead is not entitled to equitable tolling of the limitations period. Respondent's motion is granted.

**I.    Background**

Armstead's convictions arise from the killing of Antonio Farris during an armed robbery in Detroit on July 6, 1995. The Michigan Court of Appeals summarized the circumstances leading to Armstead's convictions as follows:

> At trial, evidence showed that defendant and one or two other unidentified men approached the vehicle in which Farris, Ecckles, Williams and Nealy were sitting, pointed guns at the occupants of the vehicle and at Reed, and demanded their purses. The act of pointing guns at the occupants establishes an assault, since it would have placed the occupants in reasonable apprehension of receiving an immediate battery. Moreover, Ecckles testified to being frightened at having a gun pointed at him. While this assault was occurring, a man with defendant grabbed a purse from Nealy. When the car drove away, defendant fired a shot into it, striking and killing Farris. Subsequently, defendant and another man walked Reed down the street at gunpoint, then took a necklace and saddlebags from him. The robbery of Reed was part of a continuing felony transaction during which Farris was shot. ... The evidence established that defendant was armed with a weapon, feloniously took property from Reed's person, and participated in the robbery of the purse from Nealy.

*People v. Armstead*, No. 195945, *2, 1998 WL 2016549 (Mich. Ct. App. 1998).

Armstead was convicted by a jury in Recorder's Court for the City of Detroit of first-degree felony murder, second-degree murder, armed robbery, and possession of a firearm during the commission of a felony. On April 10, 1996, Armstead was sentenced to life imprisonment for the murder conviction, 240 months to life for the second-degree murder conviction, 120 to 240 months for the armed robbery conviction, and two years imprisonment for the felony-firearm conviction.

Armstead filed an appeal of right in the Michigan Court of Appeals, arguing that his convictions for first-degree felony murder and second-degree murder violated double jeopardy, prosecutor failed to establish an independent basis for the tainted in-court identifications, insufficient evidence was presented to establish the elements of armed robbery, and ineffective assistance of counsel. The Michigan Court of Appeals vacated Armstead's conviction and sentence for second-degree murder and affirmed the

convictions in all other respects. *Id.* The Michigan Supreme Court denied Armstead's application for leave to appeal. *People v. Armstead,* 459 Mich. 890 (Mich. Oct. 26, 1998).

On July 11, 2012, Armstead filed a motion for relief from judgment in the trial court raising these claims: (i) expert witness's failure to disclose cause of death denied Petitioner a fair trial; (ii) inadequate jury instructions; (iii) photo line-up procedure unduly suggestive; (iv) prosecutorial misconduct; and (v) conviction for felony murder was against the great weight of the evidence. The trial court denied the motion. *See* 10/9/12 Order (ECF No. 9-4). Armstead did not file an application for leave to appeal in the Michigan Court of Appeals. *See* 7/11/17 Affidavit of Jerome W. Zimmer, Jr., Chief Clerk.

Armstead filed the pending habeas petition on June 13, 2017. He raises these claims:

> I. The unduly suggestive line-up procedure resulted in Petitioner being misidentified, denied him a fair trial, and convicted him of crimes he did not commit.
>
> II. Prosecutor's statements denied Petitioner a fair trial.
>
> III. The weight of the armed robbery evidence was not great enough to sustain a felony-murder conviction.
>
> IV. The weight of the evidence that Petitioner killed the victim was not great enough to sustain a felony-murder conviction.

Respondent has field a motion for dismissal of the petition because it was not filed within the applicable one year limitations period. Armstead argues in response to the

motion that he is entitled to equitable tolling of the limitations period because he is actually innocent.

## II.     Standard

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Armstrong's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. *See Lindh v. Murphy*, 521 U.S. 320, 337 (1997).  The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. §§ 2244(d)(1)-(2).  "The limitation period is tolled ... during the pendency

of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-551 (2011) (quoting § 2244(d)(2)).

## III. Discussion

Respondent argues that the petition is barred by AEDPA's one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Armstead appealed his convictions first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on October 26, 1998. Armstead had ninety days from that

5

date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on January 25, 1999, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on January 26, 1999, and continued to run until it expired on January 26, 2000.

Armstead's motion for relief from judgment did not toll the limitations period. The motion was filed on July 11, 2012, over twelve years after the limitations period expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Armstead argues that the limitations period should be equitably tolled because he is actually innocent. The Supreme Court has held that a showing of actual innocence overcomes AEDPA's statute of limitations. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013). To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas applicant's procedurally defaulted

6

claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. quoting *Schlup*, 513 U.S. at 329. This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Armstead vigorously argues that he is actually innocent and was at the Roosevelt Hotel in Detroit when the shooting occurred. He names numerous witnesses who could have testified to his whereabouts on the night of the shooting, but fails to provide affidavits from these potential witnesses. He suggests that if the police had diligently

7

investigated the crime he would not have been charged or convicted. He also maintains that the prosecutor used false information to secure his convictions, but fails to provide any evidence to support this allegation. None of these arguments constitute new reliable evidence supporting a finding of actual innocence. Instead, Armstead seeks a re-weighing of the evidence or the credibility of witnesses. Armstead presented no new evidence to make it "more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. As a result, he has not met the threshold requirement for tolling the statute of limitations based on an actual innocence claim.

## IV. Certificate of Appealability

Before Armstead may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the p[etitioner]'s underlying constitutional claim[s], a [certificate of appealability] should issue when the p[etitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having undertaken the requisite review, the Court concludes that jurists of reason could find debatable whether the statute of limitations was equitably tolled.

## V. Conclusion

For the reasons stated above, Respondent's Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Granting of Writ of Habeas Corpus [DE 10] and Petitioner's Motion for Appointment of Counsel [DE 13] are denied as moot.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED. Petitioner may proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: March 15, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2018, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Assistant