# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 03, 2019

Mr. Dion Armstead
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Mr. Jared D. Schultz
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

      Re:  Case No. 18-1425, *Dion Armstead v. Kevin Lindsey*
            Originating Case No. : 2:17-cv-11990

Dear Mr. Armstead and Counsel,

  The Court issued the enclosed Order today in this case.

                                        Sincerely yours,

                                        s/Jennifer Earl
                                        Case Manager
                                        Direct Dial No. 513-564-7066

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-1425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Jan 03, 2019
> DEBORAH S. HUNT, Clerk

DION ARMSTEAD,

    Petitioner-Appellant,

v.

KEVIN LINDSEY, Warden,

    Respondent-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O R D E R

Before: KEITH, MOORE, and GIBBONS, Circuit Judges.

Dion Armstead, a Michigan prisoner proceeding pro se, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition. This appeal has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

More than twenty years ago, a jury found Armstead guilty of first-degree murder and possession of a firearm during the commission of a felony. The state court of appeals affirmed those convictions. *People v. Armstead*, No. 195945, 1998 WL 2016549 (Mich. Ct. App. Mar. 13, 1998), *perm. app. denied*, 587 N.W.2d 284 (Mich. 1998). In 2012, the state trial court denied him relief from judgment, and Armstead did not appeal that decision. He then filed his pending § 2254 petition, which the district court dismissed as untimely. *Armstead v. Winn*, No. 2:17-cv-11990, 2018 WL 1326292 (E.D. Mich. Mar. 15, 2018). The district court granted him a certificate of appealability, and this appeal followed.

We review the dismissal of a § 2254 petition de novo. *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005). A § 2254 petition is subject to a one-year limitation period that begins to run from the latest of four potential triggering dates. 28 U.S.C. § 2244(d)(1). The district court determined—and Armstead does not dispute—that Armstead's petition is untimely because his conviction became final in 1999 and, as a result, the limitations period expired in 2000. So Armstead seeks to pass through the "actual innocence" gateway, which allows a petitioner to pursue an untimely claim. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). That is a difficult standard to meet, applying only in "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A petitioner claiming his actual innocence "must support his allegations of constitutional error with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018).

Armstead has not made that showing. In sum, he claims to have witnesses who would support his alibi defense and records from a homeless shelter proving that he was in his room at the shelter when the crime of conviction occurred. He also claims that the eyewitnesses misidentified him both in a photo line-up and at trial. Armstead neither identifies his witnesses nor provides any additional detail regarding their testimony, so we cannot say that he has "trustworthy eyewitness accounts." *See id.* While the homeless shelter records reveal that Armstead had checked into the shelter before the crime, that the shelter had a curfew, and that Armstead left the shelter after the crime, none of those facts establish his innocence. In particular, these facts do not show that he was in his room at 3 am on July 6, 1995, the time and date of the crime. And Armstead does not provide new evidence that undermines the eyewitnesses who testified against him. In light of the evidence presented at trial—that is, the testimony of the eyewitnesses—the records and unidentified witnesses offered by Armstead are not so persuasive and reliable that they would prevent a reasonable juror from finding Armstead guilty. *See McQuiggin*, 569 U.S. at 386.

As a result, we **AFFIRM**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk